O’Neall, J.
The argument of the defendant’s counsel, out of.the multitude of grounds taken for a, nonsuit or new trial, made the following questions, on which he demanded the judge ment of the Court, viz : 1. Was the evidence sufficient to establish the freedom of the plaintiff’s intestate 1 2. Did the plaintiff shew a right of property in the negro in dispute ? 3. Was a conversion, by all the defendants proved ? 4. Was there sufficient evidence of the value of the chattel to authorize a verdict for the plaintiff?
To these different questions I will proceed to give very brief answers: *
1. I concur-with.the presiding judge, that the lapse twenty years did well authorize the presumption of the regular execution of the deed of manumission required by the act of 1800,(2 Faust, 355-6-7.) For the deceased, for more than twenty years, was at large and acting as a freeman ; if he had been a slave, the presumption is that his master would have reclaimed him, and if he had not been emancipated, according to law, we would presume that he would have been seized under the provisions of the law. These presumptions are much strengthened by the facts that his former master treated him as a freeman; that his administrator did not claim him as a slave, and that the defendant, Peigne, gave to him a certificate that he was a freeman. If these facts did not, in themselves, establish the fact of freedom, they certainly, when united to a lapse of upwards of twenty years, raised the legal presumption that the deceased had been regularly manumitted. This view is supported by the case of Hutchison v. Noland, 1 Hill, 222, in which it is said by my brother Evans, in assigning his reasons for the judgement which he gave, “ 1 think it is clearly deducible from all the authorities, that presumptions are rules of law which, in themselves, are evidences of or mu-niments of title, which a jury is as much hound to give effect to, as to a deed which is unimpeached.”
2. I think the proof was ample to shew a right of property in the plaintiff. Possession is generally enough to shew title to personalty. In this case the proof seems to be clear, that for more than four years the girl, Nelly, was in the possession *594 her father, the plaintiff’s intestate. This, in itself, would justify the conclusion of title in (he plaintiff’s intestate. But ^le evidence is irresistible that her mother and herself were purchased for Sam, by Mrs. Peigne. The account raised against him for their price, in 1821, shews that they were bought for him, and that the purchaser only claimed from him the price, not the negroes. The lapse ot twelve years from that time raises the presumption that the balance then struck against Sam, for the price of his family, has been paid. For the statute of limitations has run out three times, and no action could or would now be brought to recover it. An attempt to evade this legal consequence, by setting up a title to the pro. perty sold, cannot be allowed to prevail.
3. The conversion was fully and clearly proved against Peigne., and Wesner, the keeper of the work-house.
For it is a mistake to suppose, that a conversion before administration granted, will not enure to the benefit of the administrator. His title has relation back to the death of his intestate. The seizure of the slave by Peigne, and the delivery of her to the master of the work-house, before administration was granted, was sufficient evidence, in this casé, of his conversion. The demand on the keeper of the work-house, and his refusal to deliver up the slave, made him liable to this action. The only difficulty is as to the sufficiency of the proof to charge Reigne, and, with the presiding judge, I think it was very slight; but as it satisfied the jury, who are the legitimate judges of the facts proved, I am not disposed to interfere with the verdict. For it is in proof that Peigne was the general agent of the defendant Reigne; that he lodged the negro in the work-house as Reigne’s property; that she was detained there for upwards of two months before action brought, and in that time he did not disclaim the capture and detention on his account. If the jury believed that Peigne seized and delivered the slave, by the authority of Reigne, to the master of the work-house, then the proof was just as ample to fix Reigne as it was Peigne.' ’ The proof, perhaps, authorized them to con-dude that Peigne had this authority. In all events, we cannot say that their verdict is without evidence to sustain it, and •hence it must stand.
4. To sustain trover, it must be shewn that the chattel sued Tor is of some value ; but this need not be shewn by asking a Witness ‘ what is the value V and in answer to if obtaining his 'opinion. If the thing sued for is generally of some value, and is so described that the jury may ascertain the proper sum to be found as damages for the conversion, this is sufficient. In this case, the chattel sued for is a slave, and is therefore prima facie of some value ; the description of her, given in the proof. *595 enabled the jury to fix on a sum certain, as the value, and we are not furnished with any means whereby their error in this respect (if there be any) can be detected. The verdict must therefore stand.
Yeadon & M’Beth, for the motion.
Hunt, contra.
The motions for a nonsuit and new trial are dismissed.
JohnsoN and Haepek, Js. concurred.